Valley Forge Military Academy Foundation, Petitioner *v.* Commonwealth of Pennsylvania, Employer Accounts Review Board, Bureau of Employment Security, Department of Labor and Industry, Respondent.

Argued October 3, 1979, before Judges Rogers, DiSalle and Craig, sitting as a panel of three.

*Brian E. Bennett,* with him *Greenwell, Porter, Smaltz & Royal,* for petitioner.

*Robert E. Chernicoff,* Assistant Attorney General, for respondent.

Opinion by Judge Craig, December 7, 1979:

Valley Forge Military Academy Foundation, a nonprofit corporation, operates a junior college and also

an academy for secondary education. Both schools operate under the corporate charter of Valley Forge, but maintain separate administrative and academic facilities.

Since January 1, 1972 the staff and faculty of the junior college have been covered under the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq. The employer's contribution rate for the college employees is the maximum 4%. Section 301.1(a) of the Law, 43 P.S. §781.1(a).

When the former exemption for employment in secondary education was removed,[1] the Technical Service Operations of the Bureau of Employment Security used the 4% rate as Valley Forge's contribution rate for the newly-covered academy employees.

Valley Forge appealed the application of the 4% rate to the new group, asserting that an initial rate of 2% was appropriate under Section 301(a)(4) of the Law, 43 P.S. §781(a)(4). The Employer Accounts Review Board issued a letter opinion denying the 2% rate, and Valley Forge has petitioned this court for review.

> Section 301(a)(4) provides in pertinent part that:
> [A]ny employer who becomes newly liable for contributions under this act on or after the first day of January, one thousand nine hundred seventy-two, . . . shall be liable for contributions

---

[1] All organizations qualified for federal income tax exemption under Section 501(c)(3) of the Federal Internal Revenue Code of 1954, *as amended,* 26 U.S.C.A. §501(c)(3), were also exempted from the Pennsylvania Unemployment Compensation Law.

By Section 1.1 of the Act of September 27, 1971, P.L. 460, 43 P.S. §753(1)(4)(8)(c), the exemption for Section 501(c)(3) organizations was removed but the exemption for employment in "a school which is not an institution of higher education" continued, until by the Act of July 6, 1977, P.L. 41, that exemption, for employment in secondary education, was also removed.

at the rate of two per centum of wages paid by him for employment until such time as he shall become classifiable under the provisions of Section 301.1(b) of this act.

The only issue for our determination is whether the department erred as a matter of law in determining that Valley Forge was not entitled to a rate of 2% as to the academy employees, by virtue of having been "an employer who becomes newly liable," considering that Valley Forge had been liable for contributions on behalf of its junior college employees since 1972.

In support of its position, Valley Forge contends that the phraseology of the provision, "any employer who becomes newly liable," means that an employer becomes "newly liable" each time the employer contributes on behalf of some group of employees not previously covered under the law. The department maintains that an employer can only be "newly liable" once; that is, Valley Forge became "newly liable" in 1972, when for the first time, it was required to contribute on behalf of the college employees, and therefore cannot now be considered "newly liable" again.

The meaning of Section 301 becomes clear in light of Section 301.1(b), 43 P.S. §781.1(b) which systematically classifies employers into rate groups on the basis of experience, by the number of quarters of contribution in preceding calendar periods. Valley Forge has been classified in Group 3 under that subsection which reads:

In no event shall those employers who have sufficient employer experience to be classified in Group 3 be classified in either Group 1 or Group 2, nor shall those employers who have sufficient employer experience to be classified in Group 2 be classified in Group 1.

To allow Valley Forge to take advantage of a lower contribution rate on the ground that it has become

"newly liable" for contributions for its newly covered academy personnel would be to ignore the focus of all of Section 301.1, 43 P.S. §781.1, which places each employer into one, and only one, experience group for contribution rate purposes.

Thus, in the light of Section 301.1, we must read Section 301(a)(4) to provide, for those employers who have never been liable for contributions, an opportunity to pay the moderate rate of 2% only until such time as cumulative experience enables the department to make an accurate determination of the employer's correct rate of contribution under Section 301.1.

Having contributed to the fund since 1972, Valley Forge now has a rate of contribution of 4% and, we believe, can no longer benefit from Section 301(a)(4)'s initial 2% rate.

Therefore, we affirm the decision of the Employer Accounts Review Board.

ORDER

AND Now, this 7th day of December, 1979, the determination of the Employer Accounts Review Board, Bureau of Employment Security, in the matter of Account No. 23-30989, dated July 18, 1978, is affirmed.